IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VELESTA ROUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:14-CV-1761 |
| | ) | JUDGE CAMPBELL |
| JOHN M. McHUGH, Secretary | ) | |
| Department of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant's Partial Motion To Dismiss Plaintiff's Amended Complaint. Docket No. 30. For the reasons stated herein, the Court will grant Defendant's motion in part and deny it in part.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was employed by the Department of the Army as a Human Resources Assistant at Fort Campbell, Kentucky. In October 2010, Plaintiff filed her first Equal Employment Opportunities ("EEO") complaint alleging discrimination and hostile work environment on the bases of her race (African American), color (black), sex (female), and age (over 40). She later withdrew her complaint. She alleges that after withdrawing the EEO complaint, she was subjected to a hostile work environment for having filed it.

On March 20, 2011, Plaintiff filed a second EEO complaint alleging discrimination on the bases of her race, color, sex, and age and also reprisal for her prior EEO complaint. On August 7, 2012, the Department of the Army issued a final decision rejecting Plaintiff's claims. Docket No.

31-2 (Final Decision on Second EEO Complaint).[1] The Army's final decision included an explanation of Plaintiff's appeal rights, but Plaintiff did not file an appeal or file a civil action in the United States District Court.

On June 18, 2011, while her second EEO complaint was pending, Plaintiff left her position as Human Resources Assistant for the Department of the Army and accepted a job with the U.S. Army Corps of Engineers in Nashville, Tennessee. Plaintiff alleges that the day before her departure, on June 17, 2011, at a farewell luncheon in her honor, one of her supervisors, Valencia Bratton, warned her, "don't go to Nashville talking bad about us because you may want a job back at Fort Campbell someday." Docket No. 26-1 at 4 (Amended Complaint).

Ten months later, on April 25, 2012, Plaintiff applied for an Administrative Specialist position at Fort Campbell. On July 6, 2012, Plaintiff received notification that she had not been referred for the position. Plaintiff believes Ms. Bratton used her influence to keep Plaintiff from being referred for the position as retaliation for her filing EEO complaints. On September 20, 2012, Plaintiff received a Right to File a Formal Complaint of Discrimination from the EEO.

On September 28, 2012, Plaintiff filed her third Formal Complaint of Discrimination, which is the underlying basis for this action. Docket No. 31-1 ("Third EEO Complaint").[2] In response to the instructions on the complaint form to check all the boxes that identify the bases of the allegation

---

[1] This document is neither referred to in the complaint nor attached thereto. The Sixth Circuit has held that "'[w]here the plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." *Thomas v. Publishers Clearing House, Incl*, 29 Fed. App'x 319, 322 (9th Cir. 2002) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1327 (2d ed.1990)).

[2] This document is referred to in Plaintiff's Amended Complaint but is not attached thereto. Defendant attached the document to his motion to dismiss.

of discrimination, Plaintiff checked only "Reprisal" and indicated that the date of the prior EEO activity was February 2010 through April 2011. *Id.* at 1. Plaintiff did not check the boxes for race, color, sex, age, national origin, religion, or disability. In the portion of the form that requests an explanation of when and how the complainant was discriminated against, Plaintiff indicated that she had been denied advancement since "at least 2006" because of prior EEO activity and listed several examples dating back to 2010. She alleged that Ms. Bretton "has used her position to defame my reputation and poison the well of my every attempt to compete for promotions dating back to Nov/Dec/2010" by telling decision makers "to not select me because I had violated trust by filing an EEO Complaint." *Id.* at 2. Plaintiff further alleges that prior to leaving Fort Campbell as a result of "ongoing reprisal and hostile work environment," she had to go to a luncheon at which Ms. Bretton made humiliating comments to her. *Id.* at 2. Plaintiff lists on the form witnesses allegedly present at "the luncheon" who heard "the humiliating comments," individuals with knowledge "of all selections/non-selections since 2010," including "the non-referral of Administrative Specialist Position." *Id*. Plaintiff's current counsel represented her in the filing of the Third EEO Complaint.

On May 28, 2014, the Army issued its Final Decision on Plaintiff's Third EEO Complaint.[3] Docket No. 34-1 (Final Decision on Third EEO Complaint). The Final Decision addressed the incident at her farewell luncheon on June 17, 2011 and the Army's decision to not refer her for the position as an Administrative Specialist. With respect to Plaintiff's allegation that she was forced to attend the farewell luncheon and subjected to humiliating comments, the Final Decision indicates that "the evidence does not support her claim that she was ordered to attend," nor does it support her

---

[3]This document is referenced in Plaintiff's Amended Complaint (Docket No. 26-1 at 5) and is attached to the Plaintiff's brief in opposition to this motion.

"contention that humiliating and threatening remarks were made to her" at the luncheon. *Id.* at 8–9. As to Plaintiff's contention that her non-referral for the Administrative Specialist position was the result of discrimination or created a hostile work environment, the Final Decision states that Derrick Graves was the Human Resources Specialist responsible for rating and ranking the referral list for this position and issuing the list with the best qualified applicants to management. Upon receiving Plaintiff's inquiry about the reason she had not been referred for the position, Mr. Graves reviewed the process he had used to rate the applicants. He discovered that he had mistakenly failed to refer five applicants, including Plaintiff, based on his erroneous understanding of what the "breakpoint" was that distinguished the "best qualified applicants" from the "minimally qualified" applicants. *Id.* at 7. The Final Decision indicates that, "Mr. Graves said he was directed to prepare letters to each of the five applicants that had not been referred advising them that an error in the rating process occurred and they would be given priority consideration for referral for the next 'like' position that became available." *Id.* Plaintiff's Amended Complaint does not address this issue or provide information about whether the Army did, in fact, give her priority consideration for the next "like" position that became available.

On August 26, 2014, Plaintiff filed the Complaint in this matter. Docket No. 1. On February 13, 2015, Plaintiff filed an Amended Complaint, asserting the following causes of action: (1) violations of the Civil Rights Act of 1964; (2) violations of the Civil Rights Act of 1991; (3) violation of the Age Discrimination in Employment Act ("ADEA").

## II. Standard of Review

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## III. Legal Analysis

### A. Title VII Claim[4]

The Sixth Circuit has articulated the requirement that federal employees exhaust their administrative remedies as follows:

> "The right to bring an action under Title VII regarding equal employment opportunity in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in the EEOC regulations." *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir.1991); *see also Brown [v. Gen. Servs. Admin.,* 425 U.S. 820, 829–35 (1976)]. Under 29 C.F.R. § 1614.105(a)(1), an aggrieved employee "must initiate contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action" in order to facilitate informal resolution of the dispute. Failure to timely seek EEO counseling is grounds for dismissal of the discrimination claims. *Benford*, 943 F.2d at 612.

*Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (brackets in original omitted).

The Court agrees with Defendant that Plaintiff has failed to exhaust her administrative remedies for the claims of discrimination and hostile work environment on the basis of race because

---

[4]Counts One and Two are identical. The Civil Rights Act of 1991 is merely an amendment to the Civil Rights Act of 1964. Count Two will be dismissed as duplicative of Count One.

she did not allege those as bases of her Third EEO Complaint. Plaintiff argues that she exhausted her administrative remedies because "the Sixth Circuit follows the 'expected scope of investigation test' regarding allegations found in EEOC Complaints." Docket No. 34 at 4 (Pl.'s Brief) (*citing Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002) ("[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.") (*quoting Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir.1998)). Plaintiff argues that although she only checked the reprisal box on her EEO form, she did describe an ongoing hostile work environment on the basis of race and referenced her two former EEO complaints as the reason for the reprisal, such that the Army should have inquired into the circumstances surrounding Plaintiff's prior complaints. Of course, the Army would have inquired into the circumstances of Plaintiff's first complaint had she not voluntarily withdrawn it, and the Army did, in fact, inquire into the circumstances of Plaintiff's second complaint, upon which it conducted an investigation and issued a Final Decision concluding she had not faced discrimination or retaliation. Plaintiff failed to appeal or bring a federal claim on the basis of that decision. In addition, Plaintiff's description of "the ongoing hostile work environment," in her Third EEO Complaint would not have prompted the Army to investigate whether she faced a hostile work environment basis of race. Docket No. 31-1 at 2. Accordingly, the Court will dismiss Plaintiff's claims of discrimination on the basis of race. To the extent, if any, that Plaintiff intended to raise a claim of hostile work environment on the basis of race, the Court will dismiss that claim as well.

### B. Retaliation and Retaliatory Hostile Work Environment Claims

Defendant concedes that Plaintiff exhausted her administrative remedies as to her claim of retaliation on the basis of her prior EEO complaints such that the retaliation claim is properly before

the Court. Plaintiff argues that she also exhausted her administrative remedies as to her hostile work environment on the basis of retaliation claim. *See Cleveland v. S. Disposal Waste Connections,* 491 F.App'x 698, 704–08 (6th Cir. 2012) (detailing the separate standards for retaliation and retaliatory hostile work environment claims). Plaintiff's Third EEO Complaint does articulate that prior to leaving her position with the Army, she felt that she was facing "ongoing reprisal and hostile work environment." Docket No. 31-1 at 2. She complains about not having being referred for the Administrative Specialist position in July, 2012, about not having been selected "for a couple of promotions" in 2011, and about not having been selected for a position in November or December of 2010.

The Army's Final Decision addressed Plaintiff's complaint as a retaliatory hostile work environment claim, but it only considered the Army's failure to refer Plaintiff for the Administrative Specialist position in July 2012, concluding as follows: "Upon review of the record, I find that the environment created within Complainant's workplace was not sufficient to show a hostile work environment due to her prior protected activity." Docket No. 34-1 at 9. The Final Decision did not address the other incidents in which the Army allegedly did not promote or hire Plaintiff for other positions. Defendant argues that "Plaintiff attempts to use the phrase 'ongoing hostile work environment' to boot strap all of Plaintiff's prior EEO complaints into the current litigation." Docket No. 37 at 3 (Def.'s Brief). The Court does not have a copy of either Plaintiff's first or second EEO complaints. It does have the Army's Final Decision on the second EEO complaint, however, and its recitation of Plaintiff's allegations does not include failure to be promoted or hired for new positions. Docket No. 31-2. As the Supreme Court has held, "It does not matter ... that some of the component acts of the hostile work environment fall outside the statutory time period [for exhausting administrative remedies]." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). If one

7

retaliatory act "contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* Plaintiff's Third EEO Complaint did allege a retaliatory act that occurred within the filing period such that the prior incidents in which Plaintiff alleges the Army did not promote her or hire her for other positions were properly included in her EEO complaint. Accordingly, the Court will deny Defendant's motion to dismiss Plaintiff's retaliatory hostile work environment claim.

### C. Claims Based on Other Authorities

Defendant also moved for Plaintiff's claims brought pursuant to authorities other than Title VII and the ADEA be dismissed because those statutes provide the exclusive remedies for the types of discrimination she alleges took place. Plaintiff's response concedes that she did not intend to bring claims under any authorities other than Title VII and the ADEA. Docket No. 34 at 6.

### D. ADEA Claim

Defendant argues that Plaintiff has failed to exhaust her administrative remedies for the claims of discrimination and hostile work environment on the basis of age because she did not allege that as a basis of her Third EEO Complaint. However, for "Federal Government employees, the ADEA does not explicitly require a plaintiff to exhaust administrative remedies before bringing suit." *McKnight v. Gates*, 282 F.App'x 394, 397 (6th Cir. 2008); *see also Langford v. U.S. Army Corps of Eng'rs*, 839 F.2d 1192, 1195 (6th Cir.1988) (holding that "the ADEA places no limitations on the filing of a civil action when an employee has filed an age discrimination complaint with the EEOC and ... the regulations contemplate the filing of civil actions without exhaustion of administrative remedies"). Defendant also argues that Plaintiff's ADEA claims are untimely, but other than stating the general legal requirements for timeliness, Defendant does not elaborate on its allegation that Plaintiff's claim is untimely until its reply brief. In the reply brief, Defendant argues

8

that Plaintiff's last alleged claim of hostile work environment occurred at the June 17, 2011 farewell luncheon, almost a year before the Army failed to refer her for the Administrative Specialist position. But as the Court has already indicated, if one retaliatory act "contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Morgan*, 536 U.S. at 117. The July 2012 non-referral for the Administrative Specialist position appears to have been timely raised in Plaintiff's Third EEO Complaint. The Court will deny Defendant's motion to dismiss Plaintiff's ADEA claim.

### E. Claims for Punitive Damages and Prejudgment Interest

Defendant requests that the Court strike Plaintiff's requests for punitive damages and prejudgment interest from the Amended Complaint. The United States and its instrumentalities are immune from suit except to the extent that such immunity has been waived. *See, e.g.*, *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). The Supreme Court has held, that in light of the doctrine of sovereign immunity, courts lack the authority "to impose punitive fines or assessments upon an instrumentality of the United States, absent an express waiver of such immunity by Congress." *Commerce Fed. Sav. Bank v. Fed. Deposit Ins. Corp.*, 872 F.2d 1240, 1248 (6th Cir.1989) (*quoting Mo. Pac. R.R. v. Ault*, 256 U.S. 554, 563–65 (1921). Neither Title VII nor the ADEA expressly allows for the recovery of punitive damages or prejudgment interest from the federal government. Plaintiff did not respond to Plaintiff's motion on this issue. The Court will strike Plaintiff's requests for punitive damages and prejudgment interest.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint in part and deny it in part. Specifically, the Court will dismiss

Plaintiff's claims of discrimination and hostile work environment on the basis of race contained in Count One, dismiss Count Two as duplicative of Count One, and strike Plaintiff's requests for punitive damages and prejudgment interest. The Court will not dismiss Plaintiff's claims in Count One of retaliation and retaliatory hostile work environment based on her filing of EEO complaints. The Court will not dismiss Count Three which alleges a violation of the ADEA.

An appropriate order is filed herewith.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE